JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Valerie Rosa

### DEFENDANTS
Mario DeJesus

**(b)** County of Residence of First Listed Plaintiff: Monmouth, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Falcon Law Firm, 714 W. Park Ave., Oakhurst, NJ 07755, (732) 660-1200

Attorneys *(If Known)*
Salmon, Ricchezza, Singer & Turchi, 123 Egg Harbor Road, Sewell, NJ 08080 (856) 354-8074

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441 and 28 U.S.C. Section 1446 and 28 U.S.C. 1332
Brief description of cause:
personal injury, motor vehicle

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 10,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 7/10/20
SIGNATURE OF ATTORNEY OF RECORD: Justin P. Callaway, Esq. (JMR)

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY (TRENTON VICINAGE)**

| | |
|---|---|
| VALERIE ROSA, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MARIO DE JESUS, ASSURED PARTNER TRANSPORT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses and/or corporations who owned, operated, maintained, supervised, designed, constructed, repaired and/or controlled the vehicle in question or otherwise employed the defendants), | |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Mario DeJesus, by and through his attorneys, Salmon, Ricchezza, Singer & Turchi, LLP, hereby removes this matter from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court of the District of New Jersey pursuant to 28 U.S.C. Section 1441 et seq. and in support thereof avers as follows:

1. On or about June 11, 2020, Plaintiff Valerie Rosa filed a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County. (A copy of the Complaint is attached hereto as ***Exhibit "A."***)

2. Summons was issued by Plaintiff to Mr. DeJesus. The summons was dated June 12, 2020. (A copy of the summons is attached hereto as ***Exhibit "B."***)

3. Mr. DeJesus received the summons and Complaint via service on or after June 15, 2020.

4. At all times relevant hereto, Plaintiff is and was a citizen of the State of New Jersey residing at 66 Wolfhill Avenue, Oceanport, NJ 07757.

5. At all times relevant hereto, Mr. DeJesus is and was a resident of Pennsylvania with a residence of 2757 Tremont Street, Philadelphia, PA 19136.

6. The other named party to this litigation is Assured Partner Transport. To the best of Mr. DeJesus's knowledge, Assured Partner Transport is not a legally recognized entity and does not exist.

7. The Complaint alleges that Plaintiff sustained injuries as a result of an accident on January 23, 2019, while she was driving on Somme Street near the intersection with Ferry Street, in Newark, NJ.

8. The Complaint alleges that, as a result of the alleged incident in question, she suffered the following:

> [s]evere, serious and permanent injuries; she was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; was caused to incur medical expenses and will in the future be caused to incur medical expenses; has been and will in the future be disabled and prevented from attending to her necessary affairs and business.
>
> Plaintiff [] further contends that the physical injuries she sustained as a result of this collision are permanent.

(*Ex. A*).

9. In the Complaint Plaintiff demands damages against Mr. De Jesus in the amount of $10,000,000 ($5,000,000 in Count I; and $5,000,000 in Count IV). (*Ex. A*).

10. Based on the aforementioned injuries, it appears that this case has an amount in controversy in excess of $75,000.00 exclusive of interest and costs.

11. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship.

12. The documents attached hereto constitute all of the pleadings, process and orders served upon the petitioner in this action in Superior Court.

13. This case is removable from Superior Court pursuant to 28 U.S.C. §1446 *et seq.*

14. This notice is being filed within thirty (30) days of service of Plaintiff's summons and Complaint on the first Defendant to receive service in this matter.

15. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this Notice such that Defendant is entitled to remove this matter pursuant to 28 U.S.C. §§1332, 1441 and 1446.

16. Based on the matter set forth here and above, this case is removable and said removal has commenced within the time provided by 28 U.S.C. §1446(b).

17. All named Defendants consent to removal of this matter.

WHEREFORE, Defendant Mario DeJesus prays that the above-captioned action, now pending against it in the Superior Court of New Jersey, be removed therefrom to this Court.

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**

/s/ Justin P. Callaway
Zachary Ballard, Esq. (NJ ID #1447-2007)
Justin P. Callaway, Esq. (NJ ID #03201-2007)
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
Phone: (856) 354-8074
Fax: (856) 354-8075
*Attorney for Defendant Mario DeJesus*

# EXHIBIT A

FALCON LAW FIRM, LLC
PATRICK L. FALCON, ESQ.
(R-036821993)
714 WEST PARK AVE
OAKHURST NEW JERSEY 07755
732-660-1200
Attorneys for Plaintiff

| | |
|---|---|
| VALERIE ROSA<br><br>    Plaintiff(s),<br><br>Vs<br><br>MARIO DE JESUS, ASSSURED PARTNER TRANSPORT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses and/or corporations who owned, operated, maintained, supervised, designed, constructed, repaired and/or controlled the vehicle in question or otherwise employed the defendants),<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>COMPLAINT, NOTICE TO PRODUCE, DEMAND FOR ANSWERS TO INTERROGATORIES, SUPPLEMENTAL INTERROGATORIES, DEMAND FOR DISCOVERY OF INSURANCE COVERAGE, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION |

Plaintiff, Valerie Rosa, residing at 66 Wolfhill Avenue, Oceanport, County of Monmouth, State of New Jersey, through her attorneys complaining of the defendants says:

## FIRST COUNT

1. On or about January 23, 2019, the plaintiff, VALERIE ROSA was traveling on Somme Street at the intersection of Ferry Street in the City of Newark, State of New Jersey.

2. At the time and place aforesaid, defendant, MARIO DE JESUS was operating his vehicle in a negligent manner as to cause a collision with plaintiff's vehicle, causing plaintiff, VALERIE ROSA to sustain severe, serious and permanent injuries; she was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; was caused to incur medical expenses and will in the future be caused to

1

incur medical expenses; has been and will in the future be disabled and prevented from attending to her necessary affairs and business.

4. Plaintiff VALERIE ROSA, further contends that the physical injuries she sustained as a result of this collision are permanent.

WHEREFORE, the plaintiff, VALERIE ROSA, demands Judgment against all defendants, jointly, severally or in the alternative, for damages, interest and cost of suit.

## SECOND COUNT

1. The plaintiff VALERIE ROSA, repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2. At all times hereinbefore stated defendant ASSURED PARTNER TRANSPORT was the owner of the motor vehicle operated by defendant Mario DeJesus, who was acting as their servant, agent and/or employee. Defendant Mario DeJesus was an employee of Assured Partner Transport and was acting on their behalf.

3. As a direct and proximate cause of the negligence of defendant ASSURED PARTNER TRANSPORT, the plaintiff, VALERIE ROSA, was caused to sustain severe, serious and permanent injuries; she was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; was caused to incur medical expenses and will in the future be caused to incur medical expenses; has been and will in the future be disabled and prevented from attending to her necessary affairs and business.

WHEREFORE plaintiff VALERIE ROSA demands Judgment against defendant ASSURED PARTNER TRANSPORT on this Count together with interest and costs of suit.

## THIRD COUNT

2

1. The plaintiff, VALERIE ROSA repeats the allegations contained in the First and Second Count as if the same were more fully set forth herein and made a part hereof.

2. Defendant, JOHN DOES 1-10, were responsible for the ownership, operation, maintenance, control, supervision and/or repair of the aforementioned subject vehicles or otherwise employed the defendant, were negligent in the manner in which the said vehicles were owned, operated, maintained, controlled, supervised and/or repaired.

3. As a direct and proximate cause of the negligence of defendant, JOHN DOES 1-10, the plaintiff, VALERIE ROSA, was caused to sustain severe, serious and permanent injuries; she was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; was caused to incur medical expenses and will in the future be caused to incur medical expenses; has been and will in the future be disabled and prevented from attending to her necessary affairs and business.

WHEREFORE, the plaintiff, VALERIE ROSA, demands judgment against all defendants, jointly, severally or in the alternative, for damages, interest and cost of suit.

## FOURTH COUNT

1. The plaintiff, VALERIE ROSA repeats the allegations contained in the First, Second and Third Counts as if the same were more fully set forth herein and made a part hereof.

2. Plaintiff, VALERIE ROSA alleges that there was a violation of New Jersey Motor Vehicle Statutes, N.J.S.A. 39:4-97, and other Motor Vehicle Regulations, which violations constitute a statutory tort.

3

WHEREFORE, the plaintiff VALERIE ROSA demands Judgment against the defendants, jointly, severally or in the alternative, for damages, interest and cost of suit.

FALCON LAW FIRM, LLC
Attorneys for Plaintiff (s)

Dated: June 11, 2020

By: *Alexander R. DeSevo*
ALEXANDER R. DeSEVO

Pursuant to Rule 4:5-2, we hereby demand the following on behalf of plaintiff(s):

First Count -- Plaintiff hereby demands Damages in the amount of $5,000,000.00.

Second Count -- Plaintiff hereby demands Damages in the amount of $5,000,000.00.

Third Count -- Plaintiff hereby demands Damages in the amount of $5,000,000.00

Fourth County - Plaintiff hereby demands Damages in the amount of $5,000,000.00

## REQUEST FOR ADMISSIONS

PLEASE admit or deny the following:

1. The version of the accident on the police report is accurate.

2. The Defendant is fully liable for the happening of the accident.

3. The Plaintiffs' injuries referenced were proximately caused by Defendant's negligence on January 23, 2019.

4. The Plaintiffs' medical treatment was reasonable and necessary and a proximate cause of Defendant's negligence on January 23, 2019.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendants produce the following documents within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is, therefore, required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendants, including but not limited to, primary insurance policies, secondary insurance policies, "PUP" (personal umbrella policies) and/or umbrella policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches, or other reproductions, descriptions or accounts concerning the individuals involved in the accident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any

5

witness, or any other individual, business, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, contracts between the owner of the property or product involved in the incident in question or any of the parties involved in this matter.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

8. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

9. Any and all documents with regard to the Defendant's claim or that which Defendant's shall introduce at trial including but not limited to the following:

a. a copy of statements obtained by any witness that are not privileged and which have been reduced to writing in some fashion;

b. copies of any incident reports on file for the incident in question;

c. copies of any repair orders on file for the vehicles in question;

d. copies of any medical reports relating to the Plaintiff in the possession of the Defendant, whether or not such records or reports are for injuries sustained in this incident or at any time unless previously obtained by the Defendant from the undersigned counsel;

f. copies of any police reports or records obtained which in any way relate to the incident which is the subject of this claim;

6

g. copies of any Municipal, county, state or Federal investigative reports;

h. copies of any drawings, maps, charts, diagrams or other representation of the scene of the incident or of any other aspect of the accident which is subject of this claim;

i. copies of any photographs taken of the Plaintiff subsequent to the incident which is the subject of this claim, including any surveillance photos that Defendant may offer into evidence at the time of trial;

j. copies of any motion pictures or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim;

k. copies of any and all report of any expert who has received any aspect of this case on behalf of the Defendant or Defendant's attorney or who have submitted a report to either the Defendant, or Defendant's attorney;

## DEMAND FOR INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C(1) uniform interrogatories, personal injury, Superior Court, found in Appendix II as provided by R.4:17-1(b)(ii) and the other applicable Rules of Court.

## SUPPLEMENTAL INTERROGATORIES

1. Describe in detail any obstructions to your view at the time and location of the accident set forth in the Complaint served upon you.

2. Describe in detail any traffic control devices at or near the place of the accident set forth in the Complaint served upon you.

3. State where the point of impact between the vehicles involved in the accident set forth in the Complaint served upon you took place, giving distances in feet with reference to the nearest intersection or other established points.

7

4. Describe in detail how much time elapsed from the time you first observed Plaintiff's vehicle until the impact occurred.

5. When you first observed the plaintiff, state the distance in feet between defendant's motor vehicle and the point of impact.

6. When you first saw plaintiff, state where plaintiff was with reference to the position of defendant's vehicle.

7. At the moment of impact, set forth the speed in m.p.h. of defendant's vehicle and the speed in m.p.h. of plaintiff's vehicle.

8. If you have reviewed the police report, describe in detail whether it is complete and accurate.

9. Describe in detail any problems you had with the vehicle you were driving.

10. Describe in detail the amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies, "PUP" (personal umbrella policies) and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R:4:10-2(b), demand is hereby made that defendant disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of all such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also and all excess, catastrophe, PUP (Personal Umbrella Policy) and umbrella policies.

8

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R.4:25-4, Alexander R. DeSevo, Esquire, (Attorney I.D. Number 010231994) is hereby designated as trial counsel in the above matter for the firm of Falcon Law Firm, LLC, attorneys for the plaintiff.

## JURY DEMAND

PLEASE TAKE NOTICE THAT, the plaintiff, pursuant to R. 4:35-1 hereby demands a trial by jury.

## CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other Court or in any Arbitration proceeding. At this time, we know of no other parties not named herein that should be joined.

FALCON LAW FIRM, LLC  
Attorneys for Plaintiff (s)  
*Alexander R. DeSevo*  
By: _____  
ALEXANDER R. DeSEVO

Dated:   June 11, 2020

9

# EXHIBIT B

FALCON LAW FIRM, LLC
Patrick L. Falcon, Esq.
Attorney ID No.: - 036821993
714 WEST PARK AVENUE
OAKHURST, NJ 07755
732-660-1200
Attorney(s) for Plaintiff(s):

| | |
|---|---|
| VALERIE ROSA | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff(s), | MONMOUTH COUNTY |
| Vs | DOCKET NO.: MON-L-1827-20 |
| | Civil Action |
| MARIO DE JESUS, ASSSURED PARTNER TRANSPORT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses and/or corporations who owned, operated, maintained, supervised, designed, constructed, repaired and/or controlled the vehicle in question or otherwise employed the defendants), | SUMMONS |

THE STATE OF NEW JERSEY TO THE DEFENDANT NAMED ABOVE:
**MARIO DE JESUS**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the day you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available I the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement

(available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize you money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available at http://www.judiciary.state.nj.us/prose/10153_deputyclerklawref.pdf.

Dated: June 12, 2020                  s://Michelle M. Smith

                                                                     Clerk of Superior Court

Name of Defendant Be Served:     MARIO DeJESUS
Address of Defendant to Be Served:  2757 TREMONT STREET
                                             PHILADELPHIA, PA.

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY (TRENTON VICINAGE)

| | |
|---|---|
| VALERIE ROSA,<br><br>    Plaintiff,<br><br>v.<br><br>MARIO DE JESUS, ASSURED PARTNER TRANSPORT, and JOHN DOES 1-10 (representing presently unidentified individuals, businesses and/or corporations who owned, operated, maintained, supervised, designed, constructed, repaired and/or controlled the vehicle in question or otherwise employed the defendants),<br><br>    Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Justin P. Callaway, Esquire, hereby certify that the foregoing *Notice of Removal* was served on this 10th day of July, 2020, via U.S. First Class Mail upon the following counsel of record.

  Patrick L. Falcon, Esq.
  Falcon Law Firm, LLC
  714 West Park Avenue
  Oakhurst, NJ 07755

  **SALMON, RICCHEZZA, SINGER & TURCHI** LLP

   /s/ Justin P. Callaway
  Zachary Ballard, Esq. (NJ ID #1447-2007)
  Justin P. Callaway, Esq. (NJ ID #03201-2007)
  123 Egg Harbor Road, Suite 406
  Sewell, NJ 08080
  Phone: (856) 354-8074
  Fax: (856) 354-8075
  *Attorney for Defendant Mario DeJesus*